The STATE of Ohio, Appellee,

v.

FLOWERS, Appellant.

[Cite as *State v. Flowers* (1989), 62 Ohio App.3d 27.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54970.

Decided Feb. 6, 1989.

*John T. Corrigan,* prosecuting attorney, and *Donald Butler,* for appellee.

*Hyman Friedman,* county public defender, and *Robert M. Ingersoll,* for appellant.

---

KRUPANSKY, Presiding Judge.

Defendant, Ronnie Clyde Flowers, a.k.a. Merphee Lee Flowers,[1] was indicted by the Cuyahoga Grand Jury in case CR–212026 on five counts, *viz.:* (1 and 2) theft of utility service in violation of R.C. 4933.19; (3 and 4) tampering with an electric meter without consent of the utility with intent to violate R.C. 4933.19, in violation of R.C. 4933.18; and (5) possession of criminal tools in violation of R.C. 2923.24.

Prior to trial, defendant moved to dismiss counts one through four upon the grounds R.C. 4933.18 and 4933.19 are facially violative of due process because they require the fact finder to draw mandatory inferences. Defendant's motion was denied and defendant retracted a former plea of not guilty and entered a plea of no contest with respect to counts two and four. In exchange, counts one, three and five were nolled. The trial court found defendant guilty and sentenced defendant to two consecutive one-year terms of imprisonment. The sentence was suspended and defendant was placed on

---

1. The indictment spells defendant's name as Merphee; the transcript spells the name as Merphei. Defendant did not object to any error in spelling contained in the indictment.

four years' probation and ordered to pay restitution. Sentence was journalized November 18, 1987. Defendant filed a timely notice of appeal assigning one error.

The evidence proffered at defendant's no contest plea hearing follows:

Defendant owns and resides at a duplex located at 13312–13314 Mann Avenue, East Cleveland, Cuyahoga County, Ohio. On September 8, 1982, defendant, under the name of Ronnie Flowers, established electric service with the Cleveland Electric Illuminating Company (CEI) for the second floor apartment. In August 1983 service was discontinued for nonpayment of electricity in the amount of $397.62. The meter read 75340 at that time.

On February 8, 1984, a meter tester for CEI discovered the meter had been "unblocked" and a new disk had been installed allowing the second floor apartment to get electricity without it being connected and billed by CEI. A new meter was installed and blocked and a locking ring was installed on the meter. The new meter read 00000. The locking ring prevents someone from opening the meter and reconnecting it. On February 22, CEI discovered the meter had been unblocked and had a reading of 00290. On March 5, CEI reblocked the meter and installed a new locking ring. At that time the meter read 00700. On March 23, the meter read 01130. At that point, the meter was reblocked and CEI cut the wires. On August 14, 1985, CEI removed the meter and found interior parts of the meter had been missing and wiring had been indirectly cut indicating some unauthorized person had rewired the meter to obtain electricity. The above history pertains to counts one and three which were nolled.

On September 21, 1985 new electric service was established for the first floor apartment in the name of Merphee Flowers. The state presented evidence Merphee Flowers was an alias used by defendant in order to acquire electric service. On April 29, 1986, the meter for the downstairs apartment was blocked for nonpayment of electricity in the amount of $587.46. On May 14, 1986, CEI cut the "loop" on the wiring at the pole. On June 6, CEI found the wiring had been reconnected and electricity service to the downstairs apartment had been reestablished. On June 13, CEI removed the entire loop and brought charges against defendant.

The evidence further indicates when defendant first obtained service for the upstairs apartment there was someone else living in the downstairs apartment. However, that tenant subsequently moved out and the downstairs unit was unoccupied until defendant moved downstairs.

Defendant's sole assignment of error follows:

"Ohio Revised Code Sec. 4933.18 and 4933.19 are unconstitutional under the Due Process Clause of the United States and Ohio Constitutions, because they create mandatory presumptions which relieve the prosecution of its obligation to prove every element of the crimes charged beyond a reasonable doubt."

Defendant's assignment of error lacks merit.

R.C. 4933.18, tampering with utility equipment, provides:

"No person shall knowingly, without the utility's consent, with intent to violate section 4933.19 of the Revised Code:

"(A) Tamper with a gas, electric, steam, or water meter, conduit, or attachment of a utility;

"(B) Reconnect a gas, electric, steam, or water meter, conduit, or attachment of a utility that has been disconnected by the utility.

"In a prosecution under division (A) of this section, proof that a meter, conduit, or attachment of a utility has been tampered with is prima-facie evidence that the person who is obligated to pay for the service rendered through the meter, conduit, or attachment and is in possession or control of the meter, conduit, or attachment at the time the tampering occurred has caused the tampering with intent to violate section 4933.19 of the Revised Code.

"In a prosecution under division (B) of this section, proof that a meter, conduit, or attachment disconnected by a utility has been reconnected without the consent of the utility is prima-facie evidence that the person in possession or control of the meter, conduit, or attachment at the time of the reconnection has reconnected the meter, conduit, or attachment with intent to violate section 4933.19 of the Revised Code.

"As used in this section, 'utility' means any electric light company, gas company, natural gas company, pipeline company, water-works company, or heating or cooling company, as defined by division (A)(4), (5), (6), (7), (8), or (9) of section 4905.03 of the Revised Code, its lessees, trustees, or receivers, or any similar utility owned or operated by a political subdivision.

"As used in this section, to 'tamper' means to interfere with, damage, or bypass a utility meter, conduit, or attachment with the intent to impede the correct registration of a meter or the proper functions of a conduit or attachment so as to reduce the amount of utility service that is registered on said meter."

 Defendant argues R.C. 4933.18(B) creates a mandatory presumption, which in violation of defendant's due process rights, relieved the state from the burden of proving every element of the crimes charged beyond a reasonable doubt. Defendant's argument is unpersuasive because the record re-

flects defendant was indicted under R.C. 4933.18(A) and not R.C. 4933.18(B). The relevant portion of the indictment reads as follows:

" * * * [Defendant] did unlawfully without the consent of Cleveland Electric Illuminating Co. and with intent to violate Ohio Revised Code Section 4933.19 tamper with a meter, conduit, or an attachment of Cleveland Electric Illuminating Co.

"The cost of repair and/or the cost of electricity stolen being $300.00 or more."

In addition, the transcript of the proceedings reflects defendant was indicted under subdivision (A) and not (B). Furthermore, defendant failed to object below to having been improperly indicted under subdivision (A), and the trial court did not amend the indictment to reflect a violation of subdivision (B). Furthermore, subdivision (A) requires tampering with the utility meter conduit or attachment. Defendant failed to object below or in this court of appeals regarding whether the evidence proffered by the state established the elements of a violation of subdivision (A). Consequently, defendant's argument he was convicted of a violation of subdivision (B) is unpersuasive. The indictment was never amended to reflect such. See Crim.R. 7(D). Therefore, defendant's argument that subdivision (B) creates a mandatory presumption violative of due process rendering defendant's conviction under subdivision (B) a violation of defendant's due process rights need not be addressed by this court.

Furthermore, defendant fails to separately argue whether the presumptions contained in subdivision (A) are violative of due process and, consequently, any possible constitutional infirmity resulting from defendant's conviction under subdivision (A) need not be addressed by this court of appeals. See App.R. 12.

Defendant also argues R.C. 4933.19 creates mandatory presumptions which relieve the state from establishing the elements of theft of utility service beyond a reasonable doubt. Defendant's arguments are unpersuasive.

R.C. 4933.19, theft of utility service, provides in pertinent part:

"(A) No person shall knowingly consume any gas, electricity, steam, or water that has not been correctly registered because a meter, conduit, or attachment of a utility has been tampered with as defined in section 4933.18 of the Revised Code, or knowingly use service that has been discontinued by a utility and reconnected without the utility's consent."

The pertinent elements of theft of utility service are (1) knowingly consuming electricity (2) not correctly registered because the meter conduit or

attachment has been tampered with as defined in R.C. 4933.18,[2] *or* (3) knowingly using service that has been discontinued by a utility and reconnected without the utility's consent.

There simply are no mandatory presumptions appearing in the statute. A mandatory presumption " * * * tells the trier that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." (Emphasis in original.) *Ulster County Court v. Allen* (1979), 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777, 792. Nothing in the statute requires the fact finder to find an elemental fact based upon proof of a basic fact, therefore, R.C. 4933.19 contains no mandatory presumptions.

Accordingly, defendant's sole assignment of error is not well-taken and is overruled.

*Judgment affirmed.*

JOHN V. CORRIGAN and JOHN F. CORRIGAN, JJ., concur.

---

2. The last paragraph of R.C. 4933.18 defines tampering as damaging, interfering or bypassing a meter to impede the registration of the meter or amount of utility service registered on the meter.